**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SANDY YUWONO,<br>*on behalf of himself, FLSA Collective Plaintiffs,*<br>*and the Class,*<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>JADE EATERY & LOUNGE LLC,<br>KFG HOSPITALITY GROUP LLC,<br>ARUN "KUMAR" BHAI, RICHARD [LNU] and<br>SAM KANDHOROV,<br><br>　　　　　　　　Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff, SANDY YUWONO (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants JADE EATERY & LOUNGE LLC, KFG HOSPITALITY GROUP LLC (the "Corporate Defendants"), ARUN "KUMAR" BHAI, RICHARD [LAST NAME UNKNOWN], SAM KANDHOROV ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

1

## INTRODUCTION

1.   Plaintiff alleges, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (i) unpaid overtime due to Defendants' invalid tip credit allowance, (ii) unpaid wages, including overtime, due to an impermissible time-shaving policy, (iii) statutory penalties (iv) liquidated damages, and (iv) attorney's fees and costs.

2.   Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (i) unpaid statutory minimum wage and proper overtime due to Defendants' invalid tip credit allowance, (ii) unpaid spread of hours premium for each workday that exceeded ten (10) or more hours, (iii) unpaid proper wages, including overtime, due to an impermissible time-shaving policy, (iv) unpaid wages for compensable break time, (v) unlawfully retained gratuities due to an invalid tip pooling policy, (vi) statutory penalties for unlawfully claiming a tip credit in excess of the statutory amount permissible, (vii) statutory penalties for improperly claiming a tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (viii) statutory penalties for failing to provide proper tip credit notice at hiring and annually thereafter, (ix) statutory penalties for failing to provide proper wage statements clearly indicating tip credit allowance for each payment period, (x) statutory penalties for failing to provide wage and hour notices upon hiring and as legally required thereafter, (xi) statutory penalties for failing to provide proper wage statements for each payment period, (xii) liquidated damages, and (xiii) attorney's fees and costs.

3.   Additionally, Plaintiff alleges, pursuant to NYLL §191, that he and others similarly situated are entitled to recover from Defendants: (1) liquidated damages; (2) interest; and (3)

attorney's fees and costs, due to Defendants' untimely payments of wages to Plaintiff and Class members.

**JURISDICTION AND VENUE**

4.   This Court has jurisdiction over this controversy, pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.   Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

6.   At all relevant times herein, Plaintiff, SANDY YUWONO, was and is a resident of Queens County, New York.

7.   Defendants collectively own and operate JADE EATERY & LOUNGE LLC d/b/a JADE EATERY which is a restaurant and lounge (the "Restaurant"), located at 1 Station Square, Forest Hills, New York 11375.

8.   Corporate Defendant, JADE EATERY & LOUNGE LLC ("JADE RESTAURANT"), is a domestic limited liability company organized under the laws of New York, with an address for service of process at c/o Sam Kandhorov, 70-38 Austin Street, Forest Hills, New York, 11375 and a principal place of business located at Jade Restaurant & Lounge, 1 Station Square, Forest Hills, New York 11375.

9.   Corporate Defendant, KFG HOSPITALITY GROUP LLC, is a domestic limited liability company organized under the laws of New York, with an address for service of process at c/o Siegel & Reiner, LLP, 130 East 59th Street, New York, New York 10022 and a principal place of business located at 1 Station Square, Forest Hills, New York 11375.

3

10.    Individual Defendant ARUN "KUMAR" BHAI is a co-owner and executive officer of Corporate Defendants. ARUN "KUMAR" BHAI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. ARUN "KUMAR" BHAI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to ARUN "KUMAR" BHAI directly regarding any of the terms of their employment, and ARUN "KUMAR" BHAI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ARUN "KUMAR" BHAI exercised functional control over the business and financial operations of all Corporate Defendants. ARUN "KUMAR" BHAI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

11. Individual Defendant RICHARD [LNU] is a co-owner and executive officer of Corporate Defendants. RICHARD [LNU] exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. RICHARD [LNU] exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to RICHARD [LNU] directly regarding any of the terms of their employment, and RICHARD [LNU] would have the authority to effect any changes to the quality and terms of

4

employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. RICHARD [LNU] exercised functional control over the business and financial operations of all Corporate Defendants. RICHARD [LNU] had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL §§ 2 and 651. At all relevant times, Defendants were Plaintiff's employers within the meaning of NYLL §§ 2 and 651.

14. At all relevant times, Defendants employed at least eleven (11) employees as defined under the NYLL.

15. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTION ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C § 216(b), on behalf of all current and former tipped employees (including, but not limited to, greeters, waiters, servers, bartenders, food runners, bussers, and delivery persons, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs for: (i) unpaid overtime due to Defendants' invalid tip credit allowance, (ii) unpaid wages, including overtime, due to an impermissible time-shaving policy, (iii) statutory penalties, (iv) liquidated damages, and (v) attorney's fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. The number and identity of the FLSA Collective Plaintiffs are able to be determined from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each FLSA Collective Plaintiff are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily ascertainable from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former tipped employees (including, but not limited to, greeters, waiters, servers, bartenders, food runners, bussers, and delivery persons, among others) employed by Defendants on or after the date that is six years before the filing of

the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of Defendants, and there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of the Tipped Subclass.

22. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay statutory minimum wage and proper overtime due to Defendants' invalid tip credit allowance, (ii) failing to pay spread of hours premium for each workday that exceeded ten (10) or more hours, (iii) failing to pay proper wages, including overtime, due to an impermissible time-shaving policy, (iv) failing to pay proper wages for compensable break time, (v) failing to provide wage and hour notices to Class Members upon hiring and as legally required thereafter, (vi) failing to provide proper wage statements for each

payment period, and (vii) failing to provide proper frequency of pay under NYLL §191 due to Defendants' untimely payments of wages to Plaintiff and Class members.

23. Additionally, Defendants failed to pay the proper minimum wage as they were not entitled to claim any tip credit because they failed to meet statutory requirements under NYLL. Plaintiff and Class Members similarly suffered from Defendants' failure to pay the proper minimum wage due to Defendants' invalid tip credit allowance, because Defendants: (i) failed to provide proper tip credit notice at hiring and annually thereafter, (ii) unlawfully claimed tip credit in excess of the statutory amount permissible, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) implemented an invalid tip pooling scheme, (v) illegally retained tips, (vi) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (vii) failed to keep track of daily tips earned and maintain records thereof.

24. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation

where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of New York Labor Law and applicable state laws;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

e. Whether Defendants paid Plaintiff and Class Members timely on a weekly basis as required by NYLL;

f. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members for all hours worked;

g. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members "spread of hours" premiums, as required under NYLL;

h. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members the tip credit overtime premium for all hours

worked in excess of forty (40) each workweek;

i.   Whether Defendants operated their business with a policy of claiming a tip credit in excess of the statutory amount permissible;

j.   Whether Defendants operated their business with a policy of failing to provide compensation for all hours worked due to a policy of time-shaving Class members compensable time down to Class members' detriment;

k.   Whether Defendants operated their business with a policy of failing to provide clear and free breaks to Plaintiff and Class Members, as required under the NYLL;

l.   Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) or two (2) hours of their work shift;

m.   Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

n.   Whether Defendants illegally retained gratuities of Plaintiff and Class members;

o.   Whether Defendants provided proper wage and hour notices to Plaintiff and the Class members, including, among others, the rate of compensation, overtime rate, trade name of employer, pursuant to the requirements of NYLL;

p.   Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees, per requirements of NYLL;

q.   Whether Defendants provided Plaintiff and Class Members proper wage statements with each payment of wages, as required under NYLL;

r.   Whether Defendants provided proper wage statements informing: (i) tipped employees of the amount of tip credit allowance for each payment period; (ii) their proper overtime rate of compensation; and (iii) all non-exempt employees of information required to be provided on wage statements, as required under NYLL and applicable state laws;

s.   Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit; and

t.   Whether Defendants provided proper tip credit notice at hiring and annually thereafter.

## STATEMENT OF FACTS

29. In or about January 7, 2022, Plaintiff was hired by Defendants to work as a server for Defendants' Jade Eatery and Lounge Restaurant located at 1 Station Square, Forest Hills, New York 11375. Plaintiff was employed by Defendants until on or about March 14, 2022, when his employment with Defendants ended.

30. Throughout his employment with Defendants, Plaintiff was regularly scheduled to work over forty (40) hours per week, without appropriate minimum wage compensation, including overtime premium, for the hours that he worked. During his employment, Plaintiff was scheduled to work six (6) days per week, Monday to Wednesdays from 11:15 a.m. to 12:00 a.m. and from Fridays to Sundays from 11:15 a.m. to 12:00 a.m., for a total of sixty-four and a half (64.5) hours per workweek. Similarly, FLSA Collective Plaintiffs and Class members had similar work schedules.

31. Plaintiff was employed as a server. However, he has been required to engage in more than two (2) hours or twenty (20%) of his working time performing non-tipped related activities,

including but not limited to, accepting and unloading deliveries; stocking the refrigerator; unloading supplies; cleaning the counters, tables, basement, store windows, containers, dishes, utensils, and floor mats; mopping kitchen and restaurant floors; cleaning and stocking the restrooms; sweeping; organizing inventory; taking out the garbage; organizing tables and chairs; providing customer service; packing take-out orders; and working as a cashier, stockboy, dishwasher, and host (hereinafter the "non-tipped duties"). Defendants required Plaintiff and Class members to engage in non-tipped activities in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift. Defendants improperly claimed tip credit for all hours worked by tipped employees.

32. Throughout Plaintiff's employment with Defendants, Defendants regularly provided Plaintiff with "meals" which he was required to consume while working. Such meals were leftovers from the Restaurant and were unsanitary and unpalatable. Similarly, FLSA Collective Plaintiffs and Class members were provided the same unsanitary and unpalatable "meals."

33. Throughout Plaintiff's employment with Defendants, Plaintiff was never given a free and clear "break" as he was required by Defendants to continue working during his break. Similarly, FLSA Collective Plaintiffs and Class members were required by Defendants to work through their breaks and were thus subjected to the same unlawful practice.

34. Throughout Plaintiff's employment with Defendants, Defendants also engaged in time-shaving employees' hours by requiring Plaintiff to work until midnight, but Defendants would only compensate Plaintiff until 10:00 p.m., and not for actual hours worked, resulting in unpaid wages and overtime premiums. Likewise, FLSA Collective Plaintiffs and Class members were subjected to Defendants' routine practice of shaving time off from the hours that their

employees worked, and not compensating them for their actual hours worked, resulting in unpaid wages and overtime premiums.

35. Throughout Plaintiff's employment with Defendants, Defendants failed to provide valid weekly payments to Plaintiff and Class members pursuant to NYLL § 191(a)(i). Plaintiff was not compensated at all for the hours worked during the pay period of January 17, 2022 to February 4, 2022. Additionally, on or about March 14, 2022, Defendants gave Plaintiff check number 4021 in the amount of One Thousand Six Hundred Dollars ($1,600) for the pay period February 28, 2022 to March 6, 2022, which Plaintiff could not cash as he was informed by his banking institution that the check was fake. At all times, Plaintiff was compensated by check.

36. Plaintiff and Class members are manual laborers as defined under NYLL and must receive their timely wages weekly. *See* NYLL § 191(a)(i).

37. Beginning February 5, 2022 to the end of Plaintiff's employment with Defendants, Plaintiff was compensated on a tip credit basis of ten dollars ($10) per hour regardless of the total number of hours he worked that week, plus tips for that week. The tipped credit minimum wage as of December 31, 2021 was $10.00 cash wage plus a $5.00 tip credit. However, Defendants retained the cash and credit card gratuities, therefore paying Plaintiff under the statutory tipped credit minimum wage while Defendants claimed an invalid tip credit. Similarly, FLSA Collective Plaintiffs and Class members were compensated at the same rate by Defendants which included an hourly base rate for all shifts worked during the week plus tips.

38. Furthermore, when Defendants compensated Plaintiff on a tip credit basis, Defendants did not compensate Plaintiff his corresponding overtime wages at the rate of time and one half of the regular hourly rate for each hour worked in excess of forty (40) per workweek. Similarly, Class members were not compensated for their overtime wages when

Defendants paid them on a tip credit basis. There was never an agreement by Plaintiff, FLSA Class Members, or Class Members that the base hourly rate would cover overtime hours.

39. When Defendants compensated Plaintiff and Class members at the tipped credit minimum wage rate, Defendants were not entitled to claim any tip credit allowance under NYLL because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two hours or twenty (20%) of the total hours worked each shift; (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

40. Although Plaintiff received part of his compensation in tips, there was no tip sheet to verify that he received the correct amount of tips. The distribution of the tips was under the complete control of Defendants.

41. Throughout the duration of Plaintiff's employment, on a regular basis, Defendants who were the Restaurant owners and Plaintiff's supervisors would withhold cash and credit card tips. Plaintiff was made aware of this out of suspicion that Defendants were illegally retaining a portion of the tips earned by tipped employees. Plaintiff therefore would ask co-workers how much they made in credit card tips, and compare the total amount of tips distributed to the tips Plaintiff had left by patrons, yet even on busy days with approximately 100 to 150 patrons a day, Plaintiff received approximately $100 in tips. On a few occasions, Defendants claimed patrons asked to be reimbursed for their paid gratuities and would deduct them from Plaintiff's compensation. Moreover, if a patron left the Restaurant without paying, the cost of the meal

would be deducted from Plaintiff's compensation. Similarly, FLSA Collective Plaintiffs and Class members were deducted the costs for meals when patrons left without paying.

42. At all times, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, Plaintiff never received any "spread of hours" premium for working such shifts, as required under NYLL. Similarly, Class members regularly worked shifts exceeding ten (10) hours in duration and were never paid "spread of hours" premium.

43. Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked to Plaintiff, FLSA Collective Plaintiffs and Class members in violation of FLSA and NYLL.

44. Defendants knowingly and willfully operated their business with a policy of not properly compensating either FLSA or New York State overtime rate of time and one-half the hourly rate to Plaintiff, FLSA Collective Plaintiffs, and Class members.

45. At no time during the relevant periods did Defendants provide Plaintiff, FLSA Collective Plaintiffs or Class members with proper wage and hour notices, at the beginning of employment and annually thereafter, as required by NYLL.

46. At no time during the relevant periods did Defendants provide Plaintiff with proper wage statements as required by NYLL. Similarly, Class members also did not receive proper wage statements, in violation of NYLL.

47. At no time during the relevant periods did Defendants provide Plaintiff or Tipped Class members with proper tip notices, as required by NYLL.

48. In addition, Defendants failed to maintain accurate recordkeeping of the hours Plaintiff worked and failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

49. Due to these unlawful acts of Defendants, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

50. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

51. Plaintiff realleges Paragraphs 1 through 50 of this Class and Collective Action Complaint as fully set forth herein.

52. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

54. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

55. At all relevant times, Defendants willfully violated Plaintiff and FLSA Collective Plaintiffs rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

56. At all relevant times, Defendants had a policy and practice that failed to pay overtime

compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

57. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

58. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

59. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

60. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

61. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

62. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

63. Plaintiff realleges Paragraphs 1 through 62 of this Class and Collective Action Complaint as if fully set forth herein.

64. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

65. At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of not paying Plaintiff and Class members the prevailing New York City minimum wage rate and proper overtime due to Defendants' invalid tip credit allowance.

66. At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of not paying "spread of hours" premium for each workday that exceeded ten (10) or more hours.

67. At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of refusing to pay Plaintiff and Class members for all hours worked, including at the statutory rate of time and one-half the regular rate of pay for each hour worked in excess of forty (40) hours in a work week, due to Defendants' impermissible policy of time-shaving.

68. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing a free and clear break, in direct violation of NYLL.

69. At all relevant times, Defendants knowingly and willfully operated their business with a policy of illegally retaining tips due to an invalid tip pooling policy.

70. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to keep track of daily tips earned and maintain records thereof, in direct violation of NYLL.

71. At all relevant times, Defendants knowingly and willfully operated their business with a policy of claiming a tip credit in excess of the statutory amount permissible, in direct violation of NYLL.

72. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not paying the proper tip credit overtime rate thereof for all hours worked to Plaintiff and Class members, in direct violation of NYLL.

73. At all relevant times, Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

74. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not properly notifying employees of their overtime rate, in direct violation of NYLL.

75. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage and hour notice, at date of hiring and annually thereafter, in direct violation of NYLL.

76. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper tip credit notice, at date of hiring and annually thereafter, in direct violation of NYLL.

77. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements clearly indicating tip credit allowance for each payment issued to Plaintiff and Class Members, as required by NYLL § 195(3)

78. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements with every payment issued to Plaintiff and Class Members, as required by NYLL § 195(3)

79.  Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime, unpaid spread of hours premium, unpaid compensable break time, illegally retained tips, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages for all hours worked, including overtime compensation for all hours worked over forty (40) per workweek, pursuant to 29 U.S.C. § 216;

d.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and wages for time-shaved hours, including overtime compensation for all hours worked over forty (40) per workweek, pursuant to NYLL;

e.   An award of unpaid wages, including overtime compensation, due to Defendants' failure to pay spread of hours premiums under FLSA and NYLL;

f.   An award of illegal retained gratuities under NYLL;

g.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under NYLL;

h.   An award of liquidated damages, interest, and legal fees as a result of Defendants' willful failure to pay Plaintiff and Class members timely on a weekly basis as required under NYLL;

i.   An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

j.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiff as Representative of the Class;

m.   Payment of a reasonable service award to Plaintiff, in recognition of the services he has rendered and will continue to render to Class members, and the risks he has taken and will take; and

n.   Such other and further legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Date: May 23, 2022
    New York, New York

By:   Respectfully submitted,

/s/ *CK Lee*

C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*